IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| LUCINDA WHITE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO:   14-CV-3087 |
| | ) | |
| CITY OF SPRINGFIELD, an Illinois | ) | |
| Municipal Corporation, SGT. | ) | |
| EDWARD HIGGINSON, Star # 545, | ) | |
| and OFFICER MARK CORDES, | ) | |
| Star # 688, | ) | |
| | ) | |
| Defendants. | ) | |

### PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES

Pursuant to Federal Rule of Civil Procedure 12(f), the Plaintiff, LUCINDA WHITE, moves this Honorable Court to strike the Affirmative Defenses filed in Count I, Count II, Count III, and Count IV filed with Defendants' answer. The aforementioned Affirmative Defenses contain no factual allegations whatsoever, and thus fall short of the established standard for pleadings in Federal Courts.  Further, the Defendant's Affirmative Defense filed in Court IV incorrectly applies the Supreme Court's decision in *Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658, 690-91 (1978), which held that a local unit of government can be held liable under Section 1983 when the alleged constitutional violation was caused by "a policy statement, ordinance, regulation or decision officially adopted or promulgated . . . [or for] deprivations visited pursuant to a governmental custom."

**ARGUMENT**

Plaintiff brings its Motion to strike the Defendants' affirmative defenses under Federal Rule of Civil Procedure 12(f), which allows the Court to "strike from a pleading an insufficient defense or a redundant, immaterial, impertinent or scandalous matter." Fed. R. Civ. P. 12(f); see, e.g., *Delta Consulting Grp., Inc. v. R. Randle Constr. Inc.*, 554 F.3d 1133, 1141 (7th Cir. 2009) (striking portions of a counterclaim pursuant to Rule 12(f).) Affirmative defenses are pleadings and, therefore, are subject to all pleading requirements of the Federal Rules of Civil Procedure. *Heller Financial, Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1294 (7th Cir. 1989) Affirmative defenses thus must be set forth in "short and plain statement[s] . . . showing that the pleader is entitled to relief." *Heller*, 883 F.2d at 1294. "[B]are bones conclusory allegations" do not satisfy Rule 8 and are therefore "insufficient" under Rule 12(f). *Heller*, 883 F.2d at 1294 (affirming strike of "bare bones" defenses that offered no "short and plain statement of facts" upon which the defenses were based).

The Supreme Court's decision in *Bell Atlantic Co. v. Twombly*, 550 U.S. 544 (2007) reinforces the notion that in order to withstand a motion to dismiss, a pleading must contain sufficient facts to allege "a plausible entitlement to relief." *Bell Atlantic Co. v. Twombly*, 550 U.S. 544, 559 (2007). Although the *Twombly* case dealt with the sufficiency of a Complaint, this Court had held that the reasoning and requirements in *Twombly* apply to all pleadings, including affirmative defenses. *OSF Healthcare Sys. v. Banno*, No. 08-1096, 2010 WL 431963, at 2 (C.D. Ill. Jan. 29, 2010) (granting the plaintiff's motion to strike defendant's affirmative defenses which did not contain factual allegations to support the conclusory allegations) As a result of the foregoing, the Court should strike the conclusory affirmative defenses filed with Defendants' answer in Count I, Count II, Count III, and Count IV.

Further, paragraph B of the affirmative defense pleaded in response to Count IV of Plaintiff's Complaint asserts that the City is not liable under 42 U.S.C. §1983 for acts or omissions of others and cites the Supreme Court decision of *Monell v. Department of Social Services*, 436 U.S. 658 (1978) in support of the same. However, Plaintiff's Complaint contains the allegations that the City of Springfield has a pervasive and unconstitutional custom, practice and policy of allowing and condoning the use of excessive force by its police officers against pregnant women, including the Plaintiff, and that through these customs, policies, training and procedures regarding its police officers, the City of Springfield deprived the Plaintiff of her constitutional rights. The *Monell* case cited in Defendant's affirmative defense specifically holds that a local unit of government can be held liable under Section 1983 when the alleged constitutional violation was caused by "a policy statement, ordinance, regulation or decision officially adopted or promulgated . . . [or for] deprivations visited pursuant to a governmental custom." *Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658, 690-91 (1978) Based upon the aforementioned allegations contained in Plaintiff's Complaint, the Defendant's conclusory pleading that the City cannot be held liable under 42 U.S.C. §1983 is incorrect and should be stricken.

## CONCLUSION

For the reasons stated in the Motion, the Court should strike each affirmative defense and grant Plaintiff any and other relief that it deems to be reasonable and appropriate under the circumstances.

          Respectfully submitted,

          WHITESIDE & GOLDBERG, LTD.

By:   /s/ Michael J. Goldberg
       One of the Attorneys for Plaintiff,
       LUCINDA WHITE

Michael J. Goldberg (ARDC #6277542)
WHITESIDE & GOLDBERG, LTD.
155 N. Michigan Avenue, Suite 540
Chicago, IL 60601
Phone: (312) 334-6875
Fax: (800) 334-6034
Email: mgoldberg@wglawgroup.com

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| LUCINDA WHITE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO:  14-CV-3087 |
| | ) | |
| CITY OF SPRINGFIELD, an Illinois | ) | Judge:  Honorable |
| Municipal Corporation, SGT. | ) | |
| EDWARD HIGGINSON, Star # 545, | ) | |
| and OFFICER MARK CORDES, | ) | |
| Star # 688, | ) | |
| | ) | |
| Defendants. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on May 23, 2014, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system to the following: Steven C. Rahn; and I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants: n/a

RESPECTFULLY SUBMITTED,
/s/ Michael J. Goldberg
ARDC #6277542
WHITESIDE & GOLDBERG, LTD.
155 N. Michigan Avenue, Suite 540
Chicago, IL 60601
Phone:  (312) 334-6875
Fax:  (800) 334-6034
Email:  mgoldberg@wglawgroup.com