# IN THE UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
# SPRINGFIELD DIVISION

| | |
|---|---|
| **LUCINDA WHITE,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 14-03087 |
| ) | |
| **CITY OF SPRINGFIELD, an Illinois** ) | |
| **Municipal Corporation, SGT.** ) | |
| **EDWARD HIGGINSON, Star #545,** ) | |
| **and OFFICER MARK CORDES,** ) | |
| **Star #688,** ) | |
| ) | |
| Defendants. ) | |

## OPINION

**SUE E. MYERSCOUGH, U.S. District Judge:**

Before the Court is Plaintiff Lucinda White's First Motion to Strike Defendants' Affirmative Defenses (d/e 6).  The Motion is GRANTED IN PART and DENIED IN PART.  For the reasons set forth below, the Court does not strike the affirmative defense of qualified immunity asserted by Defendant Sgt. Edward Higginson as to Count I and Count II and asserted by Defendant Officer Mark Cordes as to Count III.  The Court strikes Defendant City of Springfield's affirmative defense of qualified immunity as to Count

IV with prejudice because the defense of qualified immunity is not available for claims against municipalities. The Court also strikes with prejudice the City of Springfield's affirmative defense under Monell as to Count IV. Monell v. Department of Social Services of New York, 436 U.S. 658, 694 (1978).

## I. FACTUAL BACKGROUND

The Complaint's factual allegations will be treated as true for the purpose of deciding the present Motion to Strike. Though these allegations may ultimately prove unsupportable, a proper affirmative defense either expressly or impliedly treats them as true but offers some other reason why no liability should attach. See Bobbitt v. Victorian House, 532 F. Supp. 734, 736 (N.D. Ill. 1982) (citing 5 Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. Civ. § 1270 (3d ed. 2014) [hereinafter Wright & Miller]).

On the afternoon of March 30, 2013, Plaintiff Lucinda White called Springfield police for assistance with a minor automobile collision involving her car in the parking lot of the Best Buy store located at 3192 South Veterans Parkway in Springfield. The first officer to respond (unnamed in the Complaint) called for assistance from additional police officers, and Sergeant Higginson and Officer

Cordes reported to the scene. According to White, despite the fact that she was acting in a peaceful and non-threatening manner at all times, and despite the fact that she was approximately eight months pregnant at the time, Sergeant Higginson nevertheless grabbed her, tasered her, and caused her to fall to the pavement. Sergeant Higginson and Officer Cordes then arrested White, filing charges of aggravated battery and resisting arrest.

In her arrest and subsequent detention at the Sangamon County Jail, White sustained injuries including physical pain, physical discomfort, humiliation, indignity, emotional distress, and lost income. White filed suit against Sergeant Higginson and Officer Cordes in their individual capacities[1] and against the City of Springfield, enumerating federal claims of excessive force,

---

[1] White's Complaint does not specify whether claims are brought against Sergeant Higginson and Officer Cordes in their individual or official capacity. Ordinarily, lawsuits filed against city officials in their official capacity must be treated as suits against the city itself. See Monell, 436 U.S. at 690 n.55. But White already brings claims against the City of Springfield itself, so official-capacity claims against the officers would be redundant. And in any event, the Defendants' asserted defense of qualified immunity is not available against official-capacity claims. See Owen v. City of Independence, 445 U.S. 622, 657 (1980). Accordingly, all parties appear to accept White's claims as individual-capacity claims. Therefore, the Court will assume that White brings her claims against the officers in their individual capacities.

unreasonable seizure, and a City policy or custom of excessive force against pregnant arrestees, along with state claims of battery and false imprisonment. Defendants answered briefly, asserting defenses of qualified immunity for all Defendants as to all federal claims and a defense under <u>Monell</u> for the City of Springfield as to the claim of a policy or custom of excessive force against pregnant arrestees.

## II. LEGAL STANDARD

All pleadings, including defendants' responsive pleadings, must affirmatively state any avoidance or affirmative defense. Fed. R. Civ. P. 8(c). Rule 8(c)(1) lists several affirmative defenses, including estoppel, laches, statute of limitations, and waiver. Fed. R. Civ. P. 8(c)(1). The list is not exhaustive, however. See <u>Native Am. Arts, Inc. v. Waldron Corp.</u>, 254 F. Supp. 2d 1041, 1045 (N.D. Ill. 2003); 5 Wright & Miller Civ. § 1271.

Under Federal Rule of Civil Procedure 12(f), the Court may strike from a pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Motions to strike are generally disfavored because such motions often only delay the proceedings. See <u>Heller Fin., Inc. v. Midwhey Powder Co., Inc.</u>,

883 F.2d 1286, 1294 (7th Cir. 1989).  But if a motion to strike removes unnecessary clutter from the case, then the motion will serve to expedite, not delay, the proceedings.  Id.

Generally, a court will strike an affirmative defense only if the defense is insufficient on its face.  Heller Fin., 883 F.2d at 1294 (providing that a court will ordinarily not strike an affirmative defense if it is sufficient as a matter of law or presents questions of law or fact).  Because affirmative defenses are pleadings, they are subject to the pleading requirements of the Federal Rules of Civil Procedure and must set forth a "short and plain statement" of that defense.  Id. (citing Fed. R. Civ. P. 8(a)).

Although the Seventh Circuit has not addressed whether the pleading standard set forth in Bell Atlantic Corporation v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, 556 U.S. 662 (2009), applies to affirmative defenses, several courts in this Circuit have found that they do.  See Sarkis' Café, Inc. v. Sarks in the Park, LLC, --- F. Supp. 2d ---, No. 12 C 9686, 2014 WL 3018002, at *4 (N.D. Ill. July 3, 2014) (citing cases).  These courts have examined whether a defendant has stated an "affirmative defense to relief that is plausible on its face."  SEC v. Sachdeva,

No. 10-C-747, 2011 WL 933967, at *1 (E.D. Wisc. Mar. 16, 2011). However, whether the Twombly–Iqbal pleading standard applies likely makes little difference. Factual allegations that were sufficient before Twombly and Iqbal will likely still be sufficient, and "bare bones" affirmative defenses have always been insufficient. See Shield Techs. Corp. v. Paradigm Positioning, LLC, No. 11 C 6183, 2012 WL 4120440, at *8 (N.D. Ill. Sept. 19, 2012). In any event, if an affirmative defense is defective, leave to amend should be freely granted as justice requires under Federal Rule of Civil Procedure 15(a). See Heller Fin., 883 F.2d at 1294.

### III. ANALYSIS

**A. Defendants Higginson and Cordes have given White adequate notice of the defense of qualified immunity.**

Defendants Higginson and Cordes assert the defense of qualified immunity against White's claims of excessive force and unreasonable seizure. White moves to strike this defense on the grounds that Defendants' Answer denies White's allegations but contains no factual allegations of its own to support the affirmative defense of qualified immunity. (See Pl.'s Mot. Strike Affirmative Defense, d/e 6 at 1.)

Ordinarily, "an affirmative defense cannot merely repeat a defendant's denial of the allegations contained in the complaint." Sarkis' Café, Inc., 2014 WL 3018002, at *4. The defense of qualified immunity is different, however, because, once presented with a defense of qualified immunity, the plaintiff bears the burden to prove that (1) the defendants' actions violated federal constitutional rights, and (2) "the constitutional standards implicated were clearly established at the time in question." Eversole v. Steele, 59 F.3d 710, 717 (7th Cir. 1995); see also Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982) (providing two-step qualified immunity analysis).

Here, Defendants Higginson and Cordes have put White on notice of their asserted defense of qualified immunity, satisfying the purpose undergirding Rule 8's requirement of a "short and plain statement" of the defense. Higginson and Cordes have directly denied White's allegations in Paragraphs 15 and 16 of her Complaint, which allege the "unnecessary and unreasonable" use of force and incarceration "without cause." (See Answer, d/e 5 at 4.) Higginson and Cordes have also directly asserted the defense of qualified immunity. (See id. at 6–7.) Having been given adequate

notice of the defense at this stage, White now bears the burden to overcome the defense.  Moreover, a motion under Rule 12(f) is usually "not a good fit for resolving issues like qualified immunity which often turn on facts yet to be developed."  Atkins v. Pickard, 298 F. App'x 512, 513 (7th Cir. 2008).  Accordingly, White's Motion to Strike is denied as to Defendants Higginson and Cordes's qualified immunity defense.

**B.	The defense of qualified immunity is not available to Defendant City of Springfield as a municipal corporation.**

In its Defense A to Count IV, the City of Springfield asserts the defense of qualified immunity against White's claim that the City maintains a policy or custom of excessive force against pregnant arrestees, stating that it is "entitled to qualified immunity for its officers' actions with respect to the Plaintiff."  (See Answer, d/e 5 at 8.)  White moves to strike this defense on the grounds that the Answer denies White's allegations but contains no factual allegations of its own to support the affirmative defense of qualified immunity.  (See Pl.'s Mot. Strike Affirmative Defense, d/e 6 at 1.)

The City of Springfield's affirmative defense of qualified immunity must be struck, not because the City has given

insufficient notice of the defense asserted, but because qualified immunity is not available to municipal corporations. "[M]unicipalities have no immunity from damages flowing from their constitutional violations," Owen v. City of Independence, 445 U.S. 622, 657 (1980), and a "municipality may not assert the good faith of its officers or agents as a defense to liability under § 1983." Id. at 638.

Because the defense of qualified immunity is unavailable to a municipality as a matter of law, the City of Springfield's Affirmative Defense A to Count IV is struck with prejudice.

**C.  Monell v. Department of Social Services of New York affords Defendant City of Springfield no immunity for an unconstitutional policy or custom.**

In its Defense B to Count IV, the City of Springfield asserts a defense under Monell v. Department of Social Services of New York, stating that the City "is not liable under [§ 1983] for the acts or omissions of others." (See Answer, d/e 5 at 8.) White moves to strike this defense on the grounds that the Complaint contains allegations that the City of Springfield has a pervasive and unconstitutional policy or custom of allowing and condoning its

police officers' use of excessive force against pregnant arrestees. (See Pl.'s Mot. Strike Affirmative Defense, d/e 6 at 3.)

In Monell, the Supreme Court held that a municipality cannot be held liable for its employees' conduct under a theory of respondeat superior or any other principle of vicarious liability. 436 U.S. at 691. Rather, a municipality is liable under § 1983 only where the execution of its own policy or custom directly inflicts the constitutional injury. Id. at 694; see also Eversole, 59 F.3d at 715 ("Monell and its progeny stand for the proposition that a local governmental entity will be responsible for the unconstitutional actions of its employees only if those actions were taken pursuant to official policy or custom.").

Here, White has properly alleged that her injuries flow from the City of Springfield's unconstitutional policy or custom of allowing and condoning its police officers' use of excessive force against pregnant arrestees. Against this claim, Monell affords no defense. To the contrary, Monell stands for the precise proposition that a municipality is directly liable for maintaining an unconstitutional policy or custom. If the City meant to say that respondeat superior liability is not available under Monell, that

affirmative defense is unnecessary. White specifically does not allege that the City of Springfield is vicariously liable for Sergeant Higginson and Officer Cordes's actions under the principle of respondeat superior. Because <u>Monell</u> specifically recognizes White's theory of the City of Springfield's liability—maintaining an unconstitutional policy or custom—<u>Monell</u> affords the City no defense as a matter of law. Accordingly, the City of Springfield's Affirmative Defense B to Count IV is struck with prejudice.

## IV. CONCLUSION

For the reasons stated, the Motion to Strike Defendants' Affirmative Defenses (d/e 6) is GRANTED IN PART and DENIED IN PART. The Court does not strike Defendants Higginson and Cordes's affirmative defense of qualified immunity as to Count I, Count II, and Count III. The Court strikes both Defendant City of Springfield's defense of qualified immunity (Defense A) and defense under <u>Monell</u> (Defense B) as to Count IV with prejudice.

IT IS SO ORDERED.

ENTER: December 22, 2014

FOR THE COURT:               s/ Sue E. Myerscough
                             SUE E. MYERSCOUGH
                             UNITED STATES DISTRICT JUDGE